DOWLING *v.* DOWLING.

1. HUSBAND AND WIFE—COMPETENCY AS WITNESSES.
   In a suit by a wife against her husband, the wife is com-
   petent, to testify, under 3 How. Stat. § 7546, without his con-
   sent, in relation to a business transaction between them
   which is the subject-matter of the suit.

2. SAME—EARNINGS OF WIFE.
   It is competent for a husband and wife to agree that the wife's
   earnings shall be her individual property.

Error to Wayne; McMahon, J., presiding. Submitted
February 3, 1898. Decided March 15, 1898.

*Assumpsit* by Caroline C. Dowling against Charles F.
Dowling for money had and received. From a judgment
for plaintiff, defendant brings error. Affirmed.

*James H. Pound,* for appellant.

*Grove Campbell,* for appellee.

MONTGOMERY, J. Plaintiff and defendant are husband
and wife. The plaintiff brought this action to recover the
sum of $350 and interest, and gave testimony tending to
show that she loaned the amount to defendant shortly
after her marriage to him. Defendant admits that he
received of her $263, but denies having received more,
and also denies that the money was a loan, but testifies
that the money was placed in a common fund with money
of defendant, which was used by him in the meat busi-
ness. The defendant also claims a set-off. It appears
that, after engaging for a time in the meat business, that
undertaking proved a failure, and the plaintiff and de-
fendant engaged to work at farm work, and later worked
in the Illinois Insane Asylum for wages; that out of these
wages a sum ($300 as defendant claims; $200 as plaintiff

concedes) was loaned to plaintiff's brother-in-law, one Gustave Schufte, and that it is now held by him (Schufte) payable to plaintiff. Plaintiff testifies that, when the two engaged at service, it was understood between them that she should receive her earnings, and that the money loaned to Schufte was her money.

The record contains a large number of assignments of error, but we find it wholly unnecessary to discuss any considerable number of them. It is settled that the wife may testify in relation to business transactions with her husband. Indeed, the statute (3 How. Stat. § 7546) scarcely needs interpretation. But, if it does, it has been construed in *Hunt* v. *Eaton*, 55 Mich. 362. It is also settled that the husband may agree that the earnings of the wife may be her individual property. *Mason* v. *Dunbar*, 43 Mich. 407 (38 Am. Rep. 201).

The learned circuit judge, in his charge, covered fairly every aspect of the case. He charged, in substance, that, if there was a contract between the parties to consider the advance made by plaintiff to defendant a loan, it should be so treated, and that this might be gathered from the situation and circumstances and what the parties said; but if, on the other hand, the plaintiff simply contributed the money to assist defendant, without any understanding that it should be repaid, or with the understanding that she went into the business taking the risks and consequences which might ensue, and the money was lost in the business, she could not recover. As to plaintiff's earnings, the court charged that ordinarily the husband is entitled to the wife's earnings, but that it is competent for the parties to agree that the wife should have her earnings, and that, "if the husband so consented, the earnings would belong to her, but, if he did not consent to it, he has a right to her earnings,—her earnings are his property." The court left it for the jury to say whether the money loaned to Schufte belonged to plaintiff or defendant, and charged that, if the money belonged to defendant, and was loaned to Schufte in such a way that defendant can-

not get it, and that it is payable to plaintiff, it constitutes a set-off, and that the jury would have a right to reduce plaintiff's claim by the amount. These directions fairly present the issue.

We discover no error in the record, and the judgment will be affirmed.

The other Justices concurred.